MARK M. FOWLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fowler v. Commissioner
Docket No. 10870-82.
United States Tax Court
T.C. Memo 1984-311; 1984 Tax Ct. Memo LEXIS 360; 48 T.C.M. (CCH) 309; T.C.M. (RIA) 84311; June 20, 1984. Mark M. Fowler, pro se. Robert F. Geraghty, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Sec. 6653(a) [1]
Year
Deficiency
Addition to Tax
1979
$4,867
$243
1980
10,795
540
After concessions, the issues are (1) whether petitioner is entitled to charitable contribution deductions under section 170(a) and (2) whether petitioner is liable for additions to tax for fraud under section 6653(b). [2]
*362 FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioner Mark M. Fowler resided in Chattaroy, Wash., when he filed his petition herein. During 1979 and 1980 petitioner worked for several electric companies. Except for one Form W-4 on which he claimed 12 exemptions, petitioner submitted to his employers several Forms W-4 in 1979 and 1980, on which he claimed exempt status from Federal tax withholding. Petitioner was also the minister of an asserted church which was a charter member of the Universal Life Church, Inc. (herein petitioner's church) during the years in issue. Although the Universal Life Church, Inc. is recognized as a tax-exempt religious organization, [3] no such exemption has been granted to petitioner's church. Petitioner never conducted any church services or other religious activities and the only members of his church were his daughter and girlfriend. Although petitioner's girlfriend filled out and signed receipts for donations totalling $11,948 for 1979 based *363 on information provided by petitioner, she never received any donations from him. Petitioner also filled out and signed receipts for donations totalling $15,711 for 1980. Petitioner claimed charitable contribution deductions of $9,330 and $14,901 [4] on his returns in 1979 and 1980, respectively. In his notice of deficiency, respondent disallowed these deductions. OPINION The first issue is whether petitioner is entitled to charitable contribution deductions under section 170(a). In order to be entitled to a deduction under section 170(a), petitioner must prove under the facts herein that he actually made contributions to an organization that qualifies under section 170(c)(2). Rule 142(a). The only evidence petitioner presented was receipts for donations signed by either petitioner or his girlfriend. Petitioner's girlfriend testified, however, that petitioner told her what to write on every receipt and that she never received any donations from *364 him. Thus, we find that petitioner did not make any donations in 1979 and 1980 to an organization that qualifies under section 170(c)(2). Accordingly, we conclude that he is not entitled to charitable contribution deductions for the years in issue. The second issue is whether petitioner is liable for additions to tax for fraud. Section 6653(b) provides for a 50 percent addition to tax if any part of the underpayment of a tax required to be shown on a return is due to fraud. For purposes of section 6653(b), fraud is an intentional wrongdoing with the specific intent to evade a tax believed to be owed. , affd. ; Stoltzfus v. United States, 398 F.id 1002, 1004 (3d Cir. 1968), cert. denied . The existence of fraud is a question of fact to be determined from the entire record. . The burden of proof is on respondent to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Because direct proof of fraudulent intent is seldom possible, respondent *365 may show the requisite intent from the conduct of the taxpayer and the surrounding circumstances. Circumstantial evidence and reasonable inferences drawn therefrom can also show fraudulent intent. . For the following reasons, we hold that respondent has sustained his burden of proving fraud. One of the primary reasons petitioner established his asserted church was to evade paying taxes. In order to accomplish this goal, petitioner falsely represented that he made charitable contributions to his church on his tax returns and to respondent's agents. He attempted to substantiate his claimed charitable contributions by using false donation receipts in what we regard as a deliberate scheme to defraud. See . Furthermore, petitioner submitted Forms W-4 wherein he claimed to be exempt from Federal income tax withholding even though his payment of some taxes during the year in issue clearly indicates that he knew he was not entitled to exempt status from withholding. The submission of such false Forms W-4 *366 is strong evidence of fraud. . Finally, we find it crystal clear from the record that this is a blatant case of fraudulent tax evasion. Petitioner, who never made any contributions to his alleged church, had the nerve to file a petition in this Court wherein he claimed that he made "valid contributions" to his church. He continued to waste this Court's time by proceeding to trial where he submitted false documents and made false statements to the Court. Thus, the facts of this case "cry out" for the imposition of the fraud addition. If we failed to hear that cry, it would be a miscarriage of justice. Accordingly, we sustain the additions to tax for fraud under section 6653(b). [5]
To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. On November 28, 1983, the Court granted respondent's motion to amend his answer to assert, as an alternative to the additions to tax under sec. 6653(a), additions to tax for fraud under sec. 6653(b) for both taxable years in issue.↩
3. The Universal Life Church, Inc. received a ruling letter from the Internal Revenue Service, dated April 13, 1976, stating that it is exempt under sec. 501(c)(3).↩
4. Since sec. 170(b)(1) limits the amount that can be deducted for charitable contributions to 50 percent of adjusted gross income, petitioner only claimed total deductions of $9,330 and $14,901 for 1979 and 1980, respectively.↩
5. Since we have concluded that petition in liable for fraud, we need not address respondent's alternative argument concerning the addition to tax under sec. 6653(a). See sec. 6653(b)(3).↩